# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL LOWE, | CASE NO. 1:09-cv-00712-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | (Doc. 1) |
| WILLIAM J. MCGUINNESS, et al., | |
| Defendants. | |

### Order Following Screening

Plaintiff Darrell Lowe ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 22, 2009, Plaintiff filed his complaint which initiated this action. (Doc. 1.) On September 28, 2009, the Court screened Plaintiff's complaint and found that it stated a cognizable claim against Defendants Rahimifar, McGuinness, and Call for violation of the Eighth Amendment. The Court also found that Plaintiff's claims against Defendant Morrison are unrelated to the claims against the other defendants and may not proceed in this action. Plaintiff also failed to state any other cognizable claims. Plaintiff was provided the opportunity to either file an amended complaint curing the deficiencies identified, or to proceed only on the claims found to be cognizable. On October 13, 2009, Plaintiff notified the Court that he wished to proceed only against Defendants Rahimifar, McGuinness, and Call. Accordingly, the Court issues the following order.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 1949.

## II. Summary of Plaintiff's Complaint

Plaintiff is housed at Kern Valley State Prison in Delano, California. The events giving rise to this action allegedly occurred at California State Prison - Corcoran ("CSP-Corcoran"). Plaintiff names Chief Medical Officer William McGuinness, Registered Nurse Mary Call, Warden Derral G. Adams, Sergeant Anthony Morrison and Dr. Majid Rahimifar as defendants.

### A. Medical Care Claim

#### 1. Defendants Rahimifar and McGuinness

Plaintiff identifies defendant Rahimifar as a neurosurgeon contracted with CSP-Corcoran. Plaintiff alleges that on February 28, 2006 defendant Rahimifar prescribed epidural shots for Plaintiff to alleviate his pain. Plaintiff states that the treatment required the approval of defendant

2

1  McGuinness, who did not approve the treatment.

2      Plaintiff states that on June 22, 2006 plaintiff underwent surgery for degenerative disc
3  disease.  On November 21, 2006, defendant Rahimifar observed a displaced cage and ordered
4  Plaintiff to return so that defendant could correct the procedure.  Plaintiff alleges that defendant
5  McGuinness refused to approve the follow-up, causing Plaintiff severe pain and leaving him
6  partially disabled.

7      Plaintiff states that he underwent a second surgery on April 30, 2007 ,and was discharged
8  on May 2, 2007.  Plaintiff  Plaintiff states that he was ordered to stay in bed for four months.
9  Plaintiff alleges that defendant McGuinness failed to approve the order, causing Plaintiff to
10 suffer further pain.  Plaintiff alleges that on May 2, 2007, defendant McGuinness also failed to
11 order or approve further treatment for plaintiff.

12     Further in the complaint, Plaintiff alleges that defendant Rahimifar deliberately left a
13 screw loose during Plaintiff's surgery in order to necessitate a second surgery, in order for
14 defendant Rahimifar to receive further work and payment.

15     "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an
16 inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d
17 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 295 (1976)).
18 The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical
19 need' by demonstrating that 'failure to treat a prisoner's condition could result in further
20 significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's
21 response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v.*
22 *Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v.*
23 *Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate
24 indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible
25 medical need, and harm caused by the indifference."  *Id.* (citing *McGuckin*, 974 F.2d at 1060).

26     With respect to defendant Rahimifar, Plaintiff's allegations that defendant Rahimifar
27 recommended and prescribed treatment for Plaintiff that were not followed through by other
28 prison officials does not support a claim of deliberate indifference against him.  The facts pled

suggest that defendant Rahimifar attempted to treat Plaintiff for his medical conditions. Nevertheless, Plaintiff states a cognizable claim against defendant Rahimifar for violation of the Eighth Amendment, based on Plaintiff's allegation that defendant deliberately left a screw loose during Plaintiff's surgery in order to be paid to perform a second surgery.

With respect to defendant McGuinness, Plaintiff contends that he failed to approve treatments recommended by Plaintiff's treating physicians. Plaintiff contends that defendant McGuinness obstructed and delayed Plaintiff's treatments, causing him severe pain and unnecessary suffering. Based on Plaintiff's allegations and the minimal pleading standards, Plaintiff has alleged facts sufficient to state a claim under section 1983 against Defendant McGuinness. Fed. R. Civ. P. 8(a)(2).

**2.     Defendant Adams**

Plaintiff alleges that defendant Adams is the Warden and denied Plaintiff his rights by "implementing, maintaining, and tolerating policies, practices and customs which resulted in illegal and rights violating conduct and proximately causing the injuries to plaintiff." (Doc. 1, Complaint, p.3E.)

Plaintiff's conclusory statements are insufficient to state a claim against defendant Adams. *Iqbal*, 129 S. Ct. at 1949. In addition, there is no *respondeat superior* liability under section 1983, and therefore, Plaintiff may not state a claim against Defendant Adams simply because he holds the position as warden. *Id.* at 1948-49; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's allegations are not sufficient to give rise to a cognizable claim for relief under section 1983 against Defendant Adams.

**3.     Defendant Call**

Plaintiff contends that on April 24, 2006, Plaintiff experienced sharp pain and fell to the ground, unable to move. Plaintiff alleges that defendant Call informed custodial staff to leave Plaintiff on the ground in his bodily fluids. Plaintiff states that other custody staff transported Plaintiff to the emergency room.

Plaintiff has sufficiently alleged facts to support a claim for violation of the Eighth

Amendment against defendant Call for deliberate indifference.

### B. Fourteenth Amendment - Equal Protection Clause

Plaintiff alleges without specificity that defendant McGuinness' actions denied Plaintiff equal benefit of the laws. Plaintiff appears to be alleging discrimination based on disability.

The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994))(emphasis in original).

Plaintiff has not alleged any facts that support a claim that defendant McGuinness intentionally discriminated against him. Conclusory statements of unequal treatment are insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949.

### C. Claims Against Defendant Morrison

Plaintiff alleges that on July 25, 2007, Plaintiff was beaten by defendant Morrison and other officers in retaliation for having filed a lawsuit. Plaintiff states that he suffered permanent back and neck injuries. Plaintiff states that he was charged and subsequently pled guilty in court and received a two-year sentence for battery on a peace officer.

Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

5

Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Plaintiff's attempt to include claims against defendant Morrison for use of excessive force and for retaliation is improper. The allegations appear unrelated to Plaintiff's claim of deliberate indifference to his serious medical needs, as pled against the other defendants. Plaintiff may not proceed with his unrelated claims against defendant Morrison in this action.

### D. State Law Negligence Claim

Plaintiff alleges that defendants have acted negligently. California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court*, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff's complaint contains no allegation of compliance with the California Tort Claims Act. Compliance with the prison's internal administrative procedure does not constitute compliance with the Tort Claims Act. Plaintiff fails to state a tort claim.

### III. Conclusion and Order

Plaintiff's complaint states a claim under section 1983 against Defendants Rahimifar, McGuinness and Call for violation of the Eighth Amendment, but fails to state a claim against Defendants Adams. Plaintiff's claims against defendant Morrison are unrelated to the claims

1 against the other defendants and Plaintiff may not proceed in this action with those claims.
2 Finally, Plaintiff has not stated any cognizable state law claims.  Plaintiff was provided with the
3 opportunity to file an amended complaint to cure the deficiencies identified, but Plaintiff notified
4 the Court that he wished to proceed only on the claims found to be cognizable.
5    Based on the foregoing, it is HEREBY ORDERED that:
6    1) Defendant Morrison is dismissed from this action without prejudice for non-
7    compliance with Federal Rule of Civil Procedure 18(a);
8    2) Plaintiff's Equal Protection and state law claims are dismissed for failure to state a
9    claim upon which relief may be granted;
10   3) Defendant Adams is dismissed for failure to state a claim upon which relief may
11   be granted; and
12   4) This action proceed against Defendants Rahimifar, McGuinness and Call for
13   violation of the Eighth Amendment.
14 IT IS SO ORDERED.
15    Dated:   **June 7, 2010**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE