IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL LOWE,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLAIM J. MCGUINNESS, et al.,<br><br>        Defendants. | CASE NO. 1:09-cv-00712 JLT (PC)<br><br>ORDER GRANTING REQUEST TO STAY PROCEEDINGS<br><br>(Doc. 15) |

**I.    Introduction**

Plaintiff is a prisoner proceeding pro se in this action that asserts violation of his civil rights according to 42 USC § 1983. Plaintiff is proceeding against three defendants, Dr. Rahimifar, Dr. McGuinness and nurse Call. (Doc. 11 at 2)

Plaintiff asserts that Dr. Rahimifar performed surgery on him on November 22, 2006 and deliberately left loose a surgical screw. (Doc. 11 at 3-4) Plaintiff claims that this was done to permit Dr. Rahimifar to perform a second operation, performed on April 30, 2007, so that he could collect a second fee. Id.

Plaintiff asserts that Dr. McGuinness failed to approve medical treatments and obstructed and delayed medical treatments that caused Plaintiff severe pain and unnecessary suffering. (Doc. 11 at 4) First, Plaintiff alleges that Dr. McGuinness failed to approve epidural injections that were recommended

by Dr. Rahimifar in February 2006. (Doc. 11 at 2) Second, he asserts that Dr. McGuinness failed to approve the surgeon's order of four months bed rest after his discharge on May 2, 2007 following his second surgery. (Doc. 11 at 3)

Finally, Plaintiff alleges that on April 24, 2006, nurse Call told custodial staff to leave Plaintiff on the floor where he had fallen, where he lie in his own bodily fluids. (Doc. 11 at 4) As to each, Plaintiff alleges a violation of the Eighth Amendment based upon the defendants' alleged deliberate indifference to his serious medical needs.

In December 2007, Plaintiff sued defendants McGuinness and Call in state court under 42 USC § 1983 for violations of the Eighth Amendment based upon the same events plead here.[1] (Doc. 16, Exs A, B) On March 7, 2008, the Kings County Superior Court determined that Plaintiff had failed to exhaust his administrative remedies, required by the Prison Litigation Reform Act ("PLRA"), as to events alleged to have occurred after May 7, 2006. (Doc. 16, Ex B) The Court granted Plaintiff leave to amend his complaint to allege only exhausted claims. Apparently, Plaintiff has failed to amend the complaint but no final judgment has issued. (Doc. 15 at 2)

The May 7, 2006 grievance form filed by Plaintiff, alleges that he was forced to lie on the floor in his own waste due to the action of a nurse and that he was not authorized to receive a "cortisone" injection despite this being recommended by a doctor. (Doc. 16, Ex A)

Currently before the Court is the motion brought by the defendants to stay the action. (Doc. 15) The defendants allege that this Court should stay this action in order to allow the state court litigation to conclude. (Doc. 15)

**II.   Legal Standard**

The Court has the "power to stay proceedings" as part of its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). To evaluate whether to stay an action, the

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980).

1 Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay.
2 CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are, (1) the
3 possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party
4 may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of
5 simplifying or complicating of issues, proof, and questions of law which could be expected to result
6 from a stay. Id. (citing Landis, 299 U.S. at 254-55).

7 "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S.
8 681, 708 (1997) (citing Landis, 299 U.S. at 255). "If there is even a fair possibility that the stay . . . will
9 work damage to some one else," the party seeking the stay "must make out a clear case of hardship or
10 inequity." Landis, 299 U.S. at 255.  The Court's decision to grant or deny stay is discretionary.
11 Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

12 **III.    Discussion**

13 The Kings County Superior Court has determined already that some of the claims raised by
14 Plaintiff here are barred due to Plaintiff's failure to exhaust his administrative remedies as required by
15 the PLRA. (Doc. 16, Ex B)  However, a final judgment on this determination has not yet been issued.
16 (Doc. 15 at 2)  Permitting Plaintiff to proceed in this Court, despite the state court determination, poses
17 the potential to work a hardship to the defendants.  It would require defendants to, once again,
18 demonstrate to a judicial officer that Plaintiff has failed to exhaust his administrative remedies, although
19 this has been done already.  In essence, it seeks this Court's interference in a state court proceeding
20 merely because he is dissatisfied with the result.  This is not permitted.

21 Moreover, this litigation seeks to have this Court exercise its jurisdiction despite the procedural
22 bar posed by the PLRA that requires administrative exhaustion before filing a lawsuit.  If Plaintiff failed
23 to exhaust the available administrative remedies, this case must be dismissed. Woodford v. Ngo, 548
24 U.S. 81, 85 (2006). Furthermore, all steps of the grievance process must be completed before a civil
25 rights action is filed, unless a plaintiff demonstrates a step is unavailable to him.  Prisoners must exhaust
26 all "available" remedies, not just those that meet federal standards. Id.  Exhaustion during the pendency
27 of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th
28 Cir. 2002).

Allowing the state court action to conclude before this Court takes any further action would simplify the current litigation because it is likely to narrow the issues to be litigated only to those that Plaintiff has exhausted through the administrative process.

**IV.     CONCLUSION**

Based upon the foregoing, the Court **ORDERS**,

1. The matter is stayed;
2. No later than December 1, 2010 and every 30 days thereafter, the parties will file a report outlining the status of state court action. In particular, the Defendants are order to pursue entry of judgment in the state court action and are ordered to report on this effort in their report to the Court;
3. Additionally, the parties are ordered to file a status report whenever it appears that the stay is no longer appropriate;
4. The Clerk is ordered to administratively close this matter.

IT IS SO ORDERED.

Dated:   **September 29, 2010**              /s/ Jennifer L. Thurston
                                             UNITED STATES MAGISTRATE JUDGE

4