IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL LOWE, | Case No. 1:09-cv-00712 AWI JLT (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO AMEND |
| vs. | (Doc. 34) |
| WILLIAM J. McGUINNESS, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the Court is Defendants' February 17, 2011, motion to amend their answer. (Doc. 34.)

**I.     BACKGROUND**

This action is proceeding on Plaintiff's amended complaint, wherein Plaintiff claims that Defendants Rahimifar, McGuinness, and Call violated his rights under the Eighth Amendment. (Doc. 11.) On December 17, 2010, Defendants McGuinness and Call appeared and filed an answer in this action. (Doc. 23.) Discovery ensued thereafter. (Doc. 24.) On February 3, 2011, Plaintiff filed a motion for summary judgment. (Doc. 28.)

**II.    MOTION TO AMEND**

Defendants argue that Plaintiff references for the first time in his February 3, 2011 motion for summary judgment the existence of a settlement agreement between Plaintiff and Defendant

1

McGuinness regarding the same issues now presented in this action. (Doc. 34 at 2.) Defendants therefore seek to amend their answer to assert claim and issue preclusion as affirmative defenses. (Id. at 1.) Defendants contend that their motion to amend is not made in bad faith or after undue delay because they have only recently been informed of the possible existence of the settlement agreement. (Id. at 2.) Defendants also argue that Plaintiff will not be prejudiced by the amendment since Plaintiff still has ample time to seek discovery regarding this matter. (Id. at 2-3.) Finally, Defendants state that the amendment is not futile. (Id. at 3.)

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Four factors commonly used by courts to determine the propriety of a motion to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of the amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)). Of these factors, the potential for prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC, 316 F.3d at 1052. The burden of showing prejudice falls on the party opposing amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, 316 F.3d at 1052 (emphasis in the original).

Applying these factors to this case, the Court finds that Defendants should be granted leave to amend. The Court agrees that there is no evidence of bad faith or undue delay on the part of Defendants. The deadline to amend pleadings is set for June 21, 2011, and Defendants' pending motion to amend is filed well within that time frame. Moreover, Defendants were put on notice of a potential settlement agreement between Plaintiff and Defendant McGuinness only recently after Plaintiff filed his motion for summary judgment on February 3, 2011. There is no mention of a settlement agreement in the operative complaint.

The Court also agrees that Plaintiff will not be prejudiced by the amendment. Discovery commenced in this action on December 21, 2010 and will not close until August 21, 2011. (Doc. 24.) Therefore, Plaintiff has sufficient time to seek discovery on this issue and his ability to rebut Defendants' newly asserted affirmative defenses has not been compromised in this regard.

Finally, the Court agrees that amendment of the answer to assert an affirmative defense on the basis of claim or issue preclusion is not futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient . . . defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). Here, depending on the facts of the case, the existence of a settlement agreement between Plaintiff and Defendant McGuinness may serve as a bar to further litigation in this case under the doctrines of claim and/or issue preclusion. See Arizona v. California, 530 U.S. 392, 414 (2000) (settlement agreements ordinarily have a claim-preclusive effect; settlement agreements generally do not support issue preclusion, but may if the parties clearly intend their agreement to have such an effect).

### III. CONCLUSION

The Court has considered all the relevant factors and concludes that Defendants should be granted leave to amend their pleadings. Accordingly, it is **HEREBY ORDERED** that:

1. Defendants' February 17, 2011, motion to amend their answer (Doc. 34) is **GRANTED**; and
2. Within ten days of the date of service of this order, Defendants shall file and serve the amended answer as proposed in its motion to amend.

IT IS SO ORDERED.

Dated:  **February 23, 2011**                                /s/ Jennifer L. Thurston
                                                                          UNITED STATES MAGISTRATE JUDGE