IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL LOWE,<br><br>    Plaintiff,<br><br>  vs.<br><br>WILLIAM J. McGUINNESS, et al.,<br><br>    Defendant.<br>_____ / | Case No. 1:09-cv-00712 AWI JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 43) |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed March 2, 2011, the assigned Magistrate Judge denied Plaintiff's request for the appointment of counsel.[1] (Docs. 39 & 40.) Now pending before the Court is Plaintiff's motion for reconsideration filed April 18, 2011. (Doc. 43.)

    A ruling by a Magistrate Judge shall be final if no reconsideration is sought from the Court withing fourteen days from the date of service of the ruling on the parties. Local Rule 303(b). Here, Plaintiff filed his motion for reconsideration well over a month after the assigned Magistrate Judge issued the order denying the appointment of counsel. Thus, the pending motion for reconsideration is untimely in this regard.

    To the extent that Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b), such relief is not warranted in this case. Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve

---

[1] Plaintiff's request was denied without prejudice. (Doc. 40 at 2.)

1

a party from an order for any reason that justifies relief. However, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). Accordingly, "reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). See also Local Rule 230(j) (requiring the party seeking reconsideration to demonstrate, among other things, what new or different facts or circumstances are claimed to exist which did not exist at the time of the prior motion).

Here, Plaintiff largely reiterates in the pending motion arguments that were previously asserted by Plaintiff in his February 28, 2011 motion. Specifically, Plaintiff argues that he is in need of counsel because he suffers from mental disease and is taking medication; he has difficulty focusing; he cannot clearly articulate answers to questions; his case involves complex medical issues; and his claims have merit, as demonstrated by the Court's screening order. (See Docs. 39 & 43.) While Plaintiff provides additional evidence in the pending motion (mostly in the form of old medical reports) to bolster his argument, the proffered evidence is not "newly discovered" and does not demonstrate "extraordinary circumstances." It appears that Plaintiff simply disagrees with the conclusion reached by the Court in its March 2, 2011 order. Mere disagreement, however, does not warrant reconsideration under Rule 60(b)(6).

Accordingly, for all the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's April 18, 2011 motion for reconsideration (Doc. 43) is **DENIED**.

IT IS SO ORDERED.

Dated:    June 8, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE