IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL LOWE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WILLIAM J. McGUINNESS, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:09-cv-00712 AWI JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS<br><br>(Doc. 58) |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On June 22, 2011, Plaintiff filed a motion to stay these proceedings. In his motion, Plaintiff argues that this case should not move forward because he is in need of counsel to respond to Defendants' motions. Plaintiff notes that the inmate who is currently assisting him with this case may soon be transferred to a different facility.

　　　　The Court has the "power to stay proceedings" as part of its inherent authority to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). To evaluate whether to stay an action, the Court must weight competing interests that will be affected by the grant or refusal of the stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are, (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequality which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms

of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id. (citing Landis, 299 U.S. at 254-55). "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 20 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255).

Here, Plaintiff has not established a need for staying these proceedings. Plaintiff's desire for counsel does not warrant an indefinite pause in this action. Notably, Plaintiff's recent requests for the appointment of counsel have all been denied, as the Court has not found extraordinary circumstances present for appointing counsel. (Docs. 40 & 55.) Thus, an indefinite stay of this case for this purpose would not serve economy of time or effort for either the Court or the parties. This case is already more than two years old, and any further delay in its resolution would only prejudice Defendant's ability to defend against the claims in this action.

Accordingly, it is **HEREBY ORDERED** that Plaintiff's June 22, 2011 motion to stay these proceedings (Doc. 58) is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 23, 2011**                                          **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE