IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL LOWE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WILLIAM J. MCGUINNESS, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:09-cv-00712 AWI JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(Doc. 28) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants McGuinness, Call, and Rahimifar provided him inadequate medical care in violation of the Eighth Amendment. Now pending before the Court is Plaintiff's motion for summary judgment. Defendants McGuinness and Call have filed an opposition to the motion. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be **DENIED**.

I.   BACKGROUND

　　A.   **Plaintiff's Allegations**

Plaintiff's allegations against Defendants McGuinness, Call, and Rahimifar are as follows. On February 28, 2006, Defendant Rahimifar prescribed epidural shots to alleviate Plaintiff's back pain. (Doc. 1, Compl., at 5.) Plaintiff, however, never received the shots. (See id.) Defendant McGuinness, the Chief Medical Officer at Plaintiff's prison, failed to approve the treatment. (Id.)

1

On April 24, 2006, Plaintiff attempted to use the toilet. (Id. at 7.) Plaintiff suddenly felt a sharp pain in his lower back, his legs buckled, and he fell onto the ground. (Id.) Defendant Call informed custodial staff to leave Plaintiff on the ground. (Id.) Thus, Plaintiff laid on the ground in pain and in his own bodily fluids until other custodial staff later transported him to the emergency room where he was given pain relief. (Id. 7-8.)

On November 21, 2006, Defendant Rahimifar observed a "displaced cage" and ordered Plaintiff to return for a corrective procedure. (Id. at 5.) Defendant McGuinness, however, refused to approve the follow-up procedure. (Id.) As a result, Plaintiff suffered severe pain and was left approximately 65% disabled. (Id. at 6.)

That was not the last time Defendant McGuinness refused to approve a recommended course of treatment for Plaintiff. On April 30, 2007, Plaintiff underwent another surgery to his back. (Id.) Upon discharge, Plaintiff was instructed to stay in bed for the next four months in order to recover from the surgery. (Id.) Defendant McGuinness failed to approve those instructions, causing Plaintiff to suffer further pain. (Id.) In addition, Defendant McGuinness failed to approve post-surgery therapy that was recommended for Plaintiff. (Id. at 7.)

Lastly, Plaintiff alleges that during one of the surgeries performed by Defendant Rahimifar, the defendant "left a screw loose" in Plaintiff's spine. (Id. at 10.) Plaintiff avers that Defendant Rahimifar left the screw loose intentionally because the defendant was hoping to secure future work and payment from Plaintiff. (Id.)

**B.     Procedural History**

Plaintiff filed his complaint and initiated this action on April 22, 2009. (Doc. 1.) By order filed September 28, 2009, the Court screened the complaint pursuant to 28 U.S.C. § 1915A(a) and found that it states cognizable claims under the Eighth Amendment against Defendants McGuinness, Call, and Rahimifar. (Doc. 9 at 2-4.) The Court also found that (1) Plaintiff failed to state a cognizable claim against Defendant Adams; (2) Plaintiff failed to state a cognizable equal protection claim; (3) Plaintiff's allegations against Defendant Morrison were unrelated to this action; and (4) Plaintiff failed to allege compliance with California's Tort Claims Act. (Id. at 4-6.) The Court therefore allowed Plaintiff to either amend his complaint or file notice indicating that he wished to proceed only on his cognizable

claims. (Id. at 6-7.) On November 13, 2009, Plaintiff notified the Court that he wished to proceed only on his cognizable Eighth Amendment claims against Defendants McGuinness, Call, and Rahimifar. (Doc. 10.)

On June 25, 2010, the Court directed the United States Marshal to serve process on Defendants McGuinness, Call, and Rahimifar. (Doc. 14.) Defendants McGuinness and Call filed their answer on December 17, 2010. (Doc. 23.) On February 3, 2011, Plaintiff filed the instant motion for summary judgment. (Doc. 28.) Defendants McGuinness and Call filed an opposition to Plaintiff's motion on April 21, 2011. (Docs. 46-48.) The same day, Defendant Rahimifar filed a motion to dismiss. (Doc. 49.) Defendants McGuinness and Call filed their own motion for summary judgment on May 6, 2011.[1] (Doc. 50.)

## II.  LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute regarding a material fact is genuine if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party. Id.

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Where the movant will have the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). "On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely

---

[1] In due course, the Court will issue separate findings and recommendations on Defendant Rahimifar's motion to dismiss and Defendant McGuinness' and Call's motion for summary judgment.

3

by pointing out that there is an absence of evidence to support the nonmoving party's case." Id. (citing Celotex, 477 U.S. at 323).

If the movant has sustained its burden, the nonmoving party must "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." FTC v. Stefanchik, 559 F.3d 924, 929 (9th Cir. 2009) (citing Anderson, 477 U.S. at 257 (1986)) (emphasis in the original). Although the nonmoving party need not establish a material issue of fact conclusively in its favor, it may not simply rely on "bald assertions or a mere scintilla of evidence in [its] favor" to withstand summary judgment. Stefanchik, 559 F.3d at 929. Indeed, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citation omitted).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." Soremekun, 509 F.3d at 984. Rather, "the evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." Anderson, 477 U.S. at 255. See T.W. Electric Service, Inc. v. Pacific Electric Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). Inferences, however, are not drawn out of the air; it is the nonmoving party's obligation to produce a factual predicate from which the inference may justifiably be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

**B.     Eighth Amendment – Inadequate Medical Care**

To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an

injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

### III. DISCUSSION

#### A. Defendants McGuinness and Call

To the extent that Plaintiff moves for summary judgment against Defendants McGuinness and Call, Plaintiff fails to establish that "no reasonable trier of fact could find other than for [him]" on his Eighth Amendment claims. Soremekun, 509 F.3d at 984. Specifically, Plaintiff fails to conclusively prove that the two defendants acted with deliberate indifference.

There is no proof that Defendant McGuinness was actually aware of, yet ignored, the fact that Plaintiff was in need of medical treatment. Plaintiff indicates that on February 28, 2006, Defendant Rahimifar prescribed lumbar epidural injections for Plaintiff's back pain; that on November 21, 2006, Defendant Rahimifar recommended a corrective procedure to address a migration in Plaintiff's lower interbody cage; and that on April 30, 2007, Defendant Rahimifar recommended that Plaintiff stay in bed for four months in order to recover from his recent back surgery. (Doc. 28 at 6, 15, 17-18.) However, Plaintiff provides no evidence that Defendant McGuinness received those recommendations and chose to disregarded them.

For example, in Defendant Rahimifar's February 28, 2006 prescription for epidural injections, Plaintiff appears to argue that the absence of Defendant McGuinness' signature where a line is provided for "CMO's Signature" proves that Defendant McGuinness deliberately failed to approve his medical

5

treatment. (Doc. 28 at 1, 6.) It does not. A reasonable inference can be drawn that the form was never signed by Defendant McGuinness simply because he never received it. In fact, Defendant McGuinness provides evidence that such was the case. Defendant McGuinness asserts that he was not appointed as Chief Medical Officer for California State Prison, Corcoran until April 2006 (at least one month after Defendant Rahimifar recommended the epidural injections) and that his approval was never sought for Plaintiff's injections. (Doc. 46, Ex. A at ¶¶ 2, 9-13.)

Plaintiff also suggests that Defendant McGuinness had knowledge of Defendant Rahimifar's treatment recommendations because Defendant McGuinness was the Chief Medical Officer at the time Plaintiff entered a settlement agreement in Lowe v. CDCR (No. 04 C 0507), a state civil action filed by Plaintiff in Kings County Superior Court. That case involved Plaintiff's allegations that prison officials at Avenal State Prison were providing Plaintiff inadequate medical treatment for his back and neck pain in 2003-2004. (See Doc. 47, Ex. 1.[2]) The case was resolved when the parties reached agreement that the California Department of Rehabilitation and Corrections would have Defendant Rahimifar examine Plaintiff and prescribe any treatment, medication, physical therapy, and surgery that was needed to treat Plaintiff's pain. (Id., Ex. 2.)

Plaintiff's reliance on the settlement agreement to establish deliberate indifference is misplaced for two reasons. First, contrary to Plaintiff's bare assertion, it appears that Defendant McGuinness was not the Chief Medical Officer at the time of the settlement agreement, which was reached sometime in January 2006. (Doc. 47, Ex. 2.) As indicated above, Defendant McGuinness was appointed as Chief Medical Officer for California State Prison, Corcoran in April 2006. (Doc. 46, Ex. A. at ¶ 2.) Second, Defendant McGuinness was not a party to the case in which the settlement agreement was reached. Nor does Plaintiff offer any evidence that Defendant McGuinness was responsible for implementing the agreement or that Defendant McGuinness was in any way aware of the agreement. Accordingly, the existence of the settlement agreement has no bearing on this case.[3]

Plaintiff's inability to establish that Defendant McGuinness was actually aware of, yet ignored,

---

[2] The Court may, and does, take judicial notice of state court records filed in Lowe v. CDCR. See Fed. R. Evid. 201; Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of state court filings).

[3] To the extent that Plaintiff is attempting to enforce the terms of his settlement agreement, his remedy resides in state court, not a § 1983 action in federal court.

6

Plaintiff's need for treatment is fatal to any showing of deliberate indifference. See Farmer, 511 U.S. at 837 (deliberate indifference requires that a defendant "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Accordingly, the Court recommends that Plaintiff's motion for summary judgment against Defendant McGuinness be **DENIED**.

Turning to Defendant Call, Plaintiff relies solely on a Nurse Progress Note dated June 24, 2006 to establish that Defendant Call was deliberately indifferent to his medical needs. The Nurse Progress Note provides, in relevant part:

> [Plaintiff] on floor again; per [Plaintiff's] celly, [Plaintiff] got up to urinate and fell again. [Plaintiff] not responding verbally. [Plaintiff's] body twitching. Called ER again ER RN [Call] stated to call yard dr. Called yard no dr. or nurse available. Called ER RN again told her no dr. RN stated "per dr. Reynolds" this is not a ER issue to wait for yard staff. I asked what to do [with Plaintiff] because lying on the floor. Per RN if he doesn't want to get up leave him there. Gave info to custody, custody seargant [sic] called ERV. [Plaintiff] then taken to ER. – MfelixLVN.

(Doc. 46 at 28.) Plaintiff argues that the Nurse Progress Note proves that Defendant Call responded to Plaintiff's medical needs by instructing staff to simply ignore him.

As an initial matter, the Nurse Progress Note appears to be inadmissible evidence. See Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."). First, the document has not been properly authenticated. "Authentication is a 'condition precedent to admissibility,' and this condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" Id. (quoting Fed. R. Evid. 901(a)). Second, the document contains multiple layers of hearsay. The Nurse Progress Note contains assertions made by Licensed Vocational Nurse M. Felix, which in turn contains assertions made by Defendant Call. Absent an exception to the hearsay rule, the document constitutes inadmissible evidence. See Fed. R. Evid. 801 & 802.

In any event, Defendant Call has provided affirmative evidence that creates a genuine issue of material fact precluding summary judgment. In her declaration, Defendant Call asserts that neither on April 24, 2006 nor June 24, 2006 did she speak with Licensed Vocational Nurse Felix on the telephone regarding Plaintiff. (Doc. 46, Ex B at ¶¶ 3-4.) Defendant Call maintains that at no point did she ever advise a nurse to leave Plaintiff on the floor, wet with his own urine. (Id. at ¶ 5.) From what Defendant

7

Call is able to recall, she responded to the alarm alerting officials that Plaintiff was in need of emergency attention by arriving personally at Plaintiff's housing unit. (Id. at ¶¶ 6-7.) Defendant Call then escorted Plaintiff to the emergency room shortly thereafter. (Id. at ¶ 7.)

Because there are material questions of fact whether Defendant Call acted with deliberate indifference to his medical needs, the Court recommends that Plaintiff's motion for summary judgment against Defendant Call be **DENIED**.

### B. Defendant Rahimifar

To the extent that Plaintiff moves for summary judgment against Defendant Rahimifar, he is procedurally premature. Defendant Rahimifar has yet to file an answer in this case.[4] See, e.g., Fisher v. Adair, No. 1:11-cv-00609-AWI-SMS-PC, 2011 U.S. Dist. LEXIS 59402, at *2-3 (E.D. Cal. June 2, 2011) ("Until such time as Defendants have entered an appearance and had the opportunity to conduct discovery, Plaintiff's motion [for summary judgment] is premature."). The Court therefore recommends that Plaintiff's motion for summary judgment against Defendant Rahimifar be **DENIED WITHOUT PREJUDICE**.

### IV. CONCLUSION

For the reasons set forth above, it is **HEREBY RECOMMENDED** that Plaintiff's February 3, 2011 motion for summary judgment (Doc. 28) be **DENIED** as follows:

1. Plaintiff's motion for summary judgment against Defendants McGuinness and Call be **DENIED**; and
2. Plaintiff's motion for summary judgment against Defendant Rahimifar be **DENIED WITHOUT PREJUDICE**.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file and serve written objections with the Court. A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed and served within **fourteen**

---

[4] As indicated above, Defendant Rahimifar filed a motion to dismiss on April 21, 2011. (Doc. 49.)

1  **(14) days** of the date of service of the objections.  The parties are forewarned that the Court does not
2  intend to grant extensions of time for this purpose absent a clear showing of good cause.  The parties are
3  also advised that failure to file objections within the specified time may waive the right to appeal the
4  District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6  IT IS SO ORDERED.

7  Dated:  **August 25, 2011**                                         /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE