IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL LOWE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WILLIAM J. MCGUINNESS, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:09-cv-00712 AWI JLT (PC)<br><br>ORDER REGARDING DEFENDANT RAHIMIFAR'S MOTION TO DISMISS<br><br>(Doc. 49) |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This matter is proceeding on claims raised in Plaintiff's complaint filed on April 22, 2009. (Doc. 1.) On April 21, 2011, Defendant Rahimifar brought a motion to dismiss. (Doc. 49.) Plaintiff claims that Dr. Rahimifar "left a screw loose" in Plaintiff's spine during a surgery. (Doc. 1 at 10.) Plaintiff avers that Defendant Rahimifar left the screw loose intentionally because he was hoping to secure future work and payment from Plaintiff. (Id.)

　　　　Defendants have moved to dismiss this action on several grounds including inter alia, that Plaintiff's complaint should be dismissed: (1) due to insufficient service; (2) for Plaintiff's failure to exhaust his administrative remedies; and (3) because Defendant Rahimifar, did not act under "color of law." In support of his "color of law" contention, Defendant Rahimifar attaches his declaration which states that he was neither employed by the state or under contract with the state. (Doc. 49-4.)

The Court intends to consider the evidence tendered by the parties extrinsic to the pleadings, (including Defendant Rahimifar's declaration), in connection with Defendant's contention that Defendant Rahimifar did not act "under color of state law." Accordingly, Defendant's April 21, 2011 motion to dismiss is, to that extent, converted to a motion for summary judgment and the Court will, by this order, give all parties an opportunity to file additional evidence in support of and opposition to this aspect of Defendant's motion. See Fed.R.Civ. 12(d).

In accordance with the above, it is **HEREBY ORDERED** that:

1. The motion to dismiss filed April 21, 2011, is converted to a motion for summary judgment with respect to Defendant's claim that Defendant Rahimifar did not act under "color of law";

2. Plaintiff is referred to the provisions of this Court's order filed June 25, 2010, (Doc. 14-1), with respect to the requirements for opposing a motion for summary judgment; and

3. The parties are granted 21 days from the date of this order to file further briefing and evidence in support of and opposition to Defendant Rahimifar's now pending motion for summary judgment.

IT IS SO ORDERED.

Dated:   **December 27, 2011**                    **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE