IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL LOWE, | Case No. 1:09-cv-00712 AWI JLT (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS MCGUINNESS AND CALL |
| vs. | |
| WILLIAM J. MCGUINNESS, et al., | |
| Defendants. | (Doc. #28 & #72) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The Motion for Summary Judgment referenced in this order was filed on behalf of Defendants McGuinness and Call only. (Doc. 50) As to these defendants, Plaintiff claims he was not provided with adequate medical care in violation of the Eighth Amendment. (Doc. 1) Specifically, Plaintiff contends Defendant McGuinness acted with deliberate indifference when he did not authorize medical treatments for a back injury Plaintiff suffered and did not allow Plaintiff to continue on best rest following a back surgery. Id. As to Defendant Call, Plaintiff contends she acted with deliberate indifference when she told custodial staff to leave Plaintiff on the ground after he had fallen. Id. This proceeding was referred to the Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302.

On January 4, 2012, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted. (Doc. 72) In particular, the Magistrate noted that Defendants' evidence demonstrated Plaintiff was not harmed by the actions or inaction of either Defendant McGuinness or

Call. Id. The Magistrate Judge found that Defendant McGuinness submitted evidence that he was unaware of medical recommendations Plaintiff alleges McGuinness failed to approve. Id. at 6. Additionally, McGuinness produced evidence showing that the decision to release Plaintiff to the general inmate population, rather than remain on bed rest, was made by Dr. Yokoyama and not McGuinness. Id. at 7. Defendants' evidence also demonstrated that Plaintiff received extensive medical treatments–many of which were authorized by McGuinness. Id. With regard to Defendant Call, the evidence submitted in support of the motion showed that Call provided appropriate medical treatment to Plaintiff following his fall. Id. Presuming Call did instruct prison officials to allow Plaintiff to remain on the floor (which Call denies), the Magistrate Judge found that such conduct does not reflect deliberate indifference. Id. Moreover, Defendants uncontradicted evidence established that Plaintiff was not injured further as a result of any delay by Call in rendering Plaintiff treatment. Id.

Plaintiff requested additional time to file objections to the Magistrate Judge's Findings and Recommendation. (Doc. 73) Plaintiff was given an additional 30 days from January 12, 2012 to submit his objections. (Doc 75) Plaintiff filed his Objections to the Magistrate Judge's Findings and Recommendations on February 21, 2012. (Doc. 77)

Plaintiff's objections primarily restate the facts previously argued. (Doc. 77) He also contends that Defendant McGuinness should have been aware of the need to sign his medical recommendation and that nurse Call was the only nurse on duty and therefore must have been the one who told prison staff to leave him on the floor. Id. Plaintiff further contends that the medical evidence submitted by Defendant should not have been relied upon by the Magistrate Judge. (Doc. 77 at 4) Plaintiff argued that the medical evidence was biased because it was prepared by Defendant McGuinness. Id. Likewise, Plaintiff contends that because the matter involves medical opinion, the Court should not grant judgment at this time. Id.

However, the time for presenting contradicting evidence was in opposition to the motion. In Plaintiff's Objection to the Findings and Recommendations, he asserts that Objections to Defendants' Motion for Summary Judgment were filed. Id. He attaches a copy of what purports to be his Objections to Defendants' Motion as Exhibit A. (Doc. 77, Exh. A) The Objections Plaintiff refers to are actually the Objections he filed in response to the Magistrate Judge's Findings and Recommendation Denying

his Motion for Summary Judgment, not Objections to Defendants' Motion for Summary Judgment. Plaintiff cannot fail to present contrary evidence and then claim that summary judgment should not be granted. His failure to demonstrate a triable issue of fact existed, left the Magistrate Judge with no option but to conclude that summary judgment should be granted.

Therefore, in accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and <u>Britt v. Simi Valley United School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 4, 2012, are **ADOPTED IN FULL**;
2. Defendant McGuinness' motion for summary judgment is **GRANTED**;
3. Defendant Call's motion for summary judgment is **GRANTED**.

IT IS SO ORDERED.

Dated:    February 25, 2012

CHIEF UNITED STATES DISTRICT JUDGE