# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL LOWE,<br><br>   Plaintiff,<br><br>   v.<br><br>WILLIAM MCGUINNESS, et al.,<br><br>   Defendants. | Case No.: 1:09-cv-00712 AWI JLT (PC)<br><br>ORDER FINDING NOTICE OF APPEAL CANNOT BE CONSTRUED AS AN EXTENSION OF TIME WITHIN WHICH TO FILE A NOTICE OF APPEAL |

On May 9, 2012, the Court entered judgment in favor of the defendant. (Doc. 86) Notice of entry of judgment was served the same day.

On June 27, 2012, Plaintiff, Darrell Lowe, filed his notice of appeal by presenting it to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270-271 (1988) (Doc. 52). In the notice, Plaintiff explains that his "appeal is warranted" for various reasons including that the Court was biased, a jury would have ruled in his favor, he is "physically and mentally disabled," he should have been appointed counsel, he is illiterate and he is on medication. (Doc. 88) He affirms the validity of his appeal by stating, "This appeal should be allowed based on these reasons . . ." Id. at 2. Notably, Plaintiff makes no mention of the notice of appeal being untimely nor does he provide any explanation for his failure to file the notice earlier.

On August 13, 2012, the Ninth Circuit Court of Appeals remanded the matter for the Court to "consider whether appellant's statement in his notice of appeal can be construed as a request for an

extension of time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5), and, if so, whether the request should be granted." (Doc. 91)

### I.   The "Notice of Appeal" cannot be construed as seeking an extension of time

As noted above, Plaintiff's notice of appeal was due 30 days after the notice of entry of judgment, or on June 8, 2012. Fed. R. App. P. 4(a)(1)(A).  Nevertheless, Plaintiff did not file his document entitled, "Notice of Appeal," until June 27, 2012.  (Doc. 88)  Though Plaintiff filed his document during the period within which the district court could have granted an extension of time to file the notice of appeal, there is nothing in the document that indicates that Plaintiff wanted an extension of time or that he was requesting an extension of time. Rather, Plaintiff explains only why he believes his appeal is meritorious.  Thus, the Court does not find that the "Notice of Appeal" can be construed as anything other than a notice of appeal.

### II.   Even if the "Notice of Appeal" was construed as a request for an extension of time within which to file a notice of appeal, there is no showing of good cause supporting the request

Federal Rules of Appellate Procedure Rule 4(a)(5), provides, "The district court may extend the time to file a notice of appeal if: . . . **(ii)** that party shows excusable neglect or good cause." As noted above, Plaintiff makes no showing of excusable neglect or good cause.  Instead, he explains only that he suffers from mental and physical disabilities, is illiterate and relies upon the assistance of a fellow inmate to file his documents.  Plaintiff does not provide the information about his conditions to explain why he failed to file his notice of appeal in a timely fashion; instead, he explains only that these conditions demonstrate that the Court erred in failing to appoint him counsel.  Plaintiff does not claim that any of these conditions caused him to be unable to file his notice of appeal by June 8, 2012.

On the other hand, Plaintiff does not assert that he diligently pursued his notice of appeal after receiving the entry of judgment, nor does he claim that there was any impediment in preparing the very document that he filed weeks late.  The Court is aware that many, if not most, of the inmate-plaintiffs proceeding with § 1983 claims, suffer from the same conditions as Plaintiff.  If he is not required to make even the most minimal showing required by Rule 4—or even *request* the extension of time—and detail how these conditions caused him to be unable to file his notice of appeal timely, the Court cannot conceive how any other inmate could be so required.

2

### III. Conclusion

Because Plaintiff's notice of appeal contains no assertion that it seeks an extension of time or acknowledges that the "Notice of Appeal" is not timely, the Court does not find that the document may be construe as a request for an extension of time within which to file a notice of appeal. Moreover, because the "Notice of Appeal" fails to set forth any explanation why it was not filed timely and fails to demonstrate that any of Plaintiff's conditions interfered with his ability to file it in a timely fashion, even if the "Notice of Appeal" was construed as a request for an extension of time, it fails to demonstrate excusable neglect or good cause.

The Clerk of the Court is DIRECTED to send a copy of this order to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   August 15, 2012

CHIEF UNITED STATES DISTRICT JUDGE